IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LESLIE SHERMAN, ] | |
| Plaintiff, ] | |
| vs. ] | Case No: |
| BROWN INTEGRATED ] | JURY TRIAL DEMANDED |
| LOGISTICS, INC. ] | |
| Defendant. ] | |

## COMPLAINT

Comes now the Plaintiff, Leslie Sherman, by and through counsel and for cause of action will respectfully show to the Court as follows:

### NATURE OF SUIT

1. Defendant violated the FLSA by failing to pay Plaintiff the required minimum wage rate under the FLSA and at time and one-half her regular rate of pay for all hours worked within a workweek in excess of forty hours. This is an action under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (hereinafter the "Fair Labor Standards Act" or "FLSA"). Plaintiff seeks payment for unpaid overtime work and liquidated damages that she was deprived of due to Defendant's violations of the Fair Labor Standards Act.

1

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331 (federal question).

3. The acts complained of took place in Lithonia, Georgia; therefore, proper venue for this action lies within the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, Leslie Sherman, is a former employee of Brown Integrated Logistics, Inc. ("Defendant Employer"). Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

5. The Defendant, Brown Integrated Logistics, Inc., is an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

6. Defendant Employer comprises an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act 29 U.S.C. § 203(e)(1).

7. Defendant has done in excess of $500,000.00 in annual dollar volume of business in each of the past three years.

8. The Plaintiff is engaged in interstate commerce, the production of goods for interstate commerce, or an activity which is closely related and directly essential to the production of such goods in each workweek of her employ with Defendant.

## **INDIVIDUAL FACTUAL ALLEGATIONS**

9. From approximately June 2008 until October 2011; Plaintiff was employed as an "accounts payable manager" for the Defendant.

10. Plaintiff received the same amount of pay each week.

11. While employed as an "accounts payable manager", Plaintiff's duties included processing bills for the Defendant.

12. Plaintiff's job duties included issuing payments to vendors only after she had permission from her supervisors.

13. Plaintiff's job duties included maintaining records for Defendant.

14. A small percentage of the time, less than 25%, Plaintiff's job duties included performing account reconciliation and reviewing balance sheets.

15. Plaintiff did not supervise any other employees.

16. Plaintiff did not have the authority to hire other employees.

17. Plaintiff did not have the authority to terminate the employment of other employees.

18. Plaintiff did not have the authority to delegate any of their duties to other employees.

19. Plaintiff did not have the authority to handle any employee grievances or complaints.

20. Plaintiff did not have the authority to interpret, implement, or enforce company policies.

21. Plaintiff reported to work every day at the same location and did not work outside this office.

22. Plaintiff did not make more than $100,000.00 annually.

23. Plaintiff's job did not involve the exercise of discretion and independent judgment with respect to matters of significance.

24. Plaintiff did not perform any work which affected the business operation to a substantial degree of the Defendant.

25. Plaintiff was not allowed to make any decision regarding monies collected or spent on behalf of the Defendant.

26. Plaintiff did not have any authority to bind the company contractually with any party.

27. Plaintiff, in short, had no discretion whatsoever in the manner in which she performed her job.

28. As such, Plaintiff was a "non-exempt" employee under the Fair Labor Standards Act.

29. Plaintiff routinely worked in excess of 40 hours in a given workweek.

30. Plaintiff was not compensated for these hours in excess of 40 hours at 1.5 times his regular rate of pay.

31. Defendant maintains a systematic policy that requires "accounts payable managers" to work more than 40 hours per week without paying them overtime compensation in violation of the FLSA.

32. Defendant knows the FLSA is applicable to their employment practices and accounts payable managers are improperly classified yet still fails to pay overtime.

33. Accordingly, Defendant's pattern or practice of failing to pay these employees in accordance with the FLSA was and is in willful violation of the FLSA.

34. Moreover, Defendant did not act in good faith or have reasonable grounds for believing the FLSA was not applicable.

35. Plaintiff questioned Defendant regarding whether she was entitled to overtime.

36. After questioning Defendant, she was forced to resign for "not being able to work the long hours required."

## COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

37. Plaintiff hereby re-alleges paragraphs 1 through 36 as though fully set forth herein.

38. Defendant willfully failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate for all hours worked in excess of 40 hours for the entire time she worked for Defendant. Defendant further willfully failed to maintain records of all compensable work time subjecting them to further penalty under 29 USC §216(b).

39. Defendant, by such failure, willfully violated the overtime provisions of the Fair Labor Standards Act 29 U.S.C. § 207.

## COUNT II- VIOLATION OF 29 U.S.C. § 215(a)(3)
## (RETALIATORY DISCHARGE)

40. Plaintiff hereby re-alleges paragraphs 1 through 39 as though fully set for the herein.

41. Plaintiff engaged in protected activity by inquiring about not being paid overtime wages.

42. Defendants immediately took adverse employment actions against the Plaintiff; namely, forcing her to resign.

43. Immediately upon questioning the Defendant regarding overtime, she was constructively terminated.

44. Pursuant to 29 U.S.C. § 215, Plaintiff was entitled to engage in and assert FLSA protected activities and rights without retaliation.

45. A causal link exists between the Defendants' decision to terminate Plaintiff and the Plaintiff engaging in FLSA protected activity.

46. Defendants did not terminate Plaintiff for a legitimate, non-retaliatory reason and any reason given by Defendants would be pretextual in nature.

47. As the direct and proximate result of Defendants' knowing and willful violation of 29 U.S.C. § 215(a)(3), Plaintiff has suffered grave and substantial damages, wherefore each Defendant stands jointly and severally liable to Plaintiff for reinstatement (or front pay), the payment of wages lost, out-of-pocket expenses, compensation for emotional distress, and additional amount as liquidated damages, punitive damages, reasonable attorney's fees and prejudgment interest.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of overtime wages that Plaintiff should have received under the Fair Labor Standards Act but for Defendant's willful violation of her rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b); and

(2) all reasonable costs and attorney's fee pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

(3) all amounts of wages, including overtime, earned by Plaintiff;

(4) attorney fees, interest and costs; and

(5) any such other legal relief as may be appropriate or to which they may be entitled under federal or state law.

Respectfully submitted the 17th day of April, 2012.

**BARRETT & FARAHANY, LLP**

s/Amanda A. Farahany
**AMANDA FARAHANY**
Georgia Bar No. 646135

Attorney for Plaintiff

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
Ph: (404) 214-0120
Fax: (404) 214-0125